UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERMAINE MCADORY,

    Plaintiff,

  v.              Case No. 24-cv-0167-bhl

ADRIAN SCOFIELD and
MEGGON,

    Defendants.

---

## SCREENING ORDER

---

  Plaintiff Jermaine McAdory, who was incarcerated when he brought this case, is representing himself in this 42 U.S.C. §1983 action alleging that his civil rights were violated. This matter comes before the Court on McAdory's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

  McAdory has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee, though he may do so over time if he satisfies certain statutory requirements. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), McAdory filed a certified copy of his prison trust account statement. McAdory was incarcerated for only two months prior to the filing of his complaint. A review of his trust account statement reveals that he lacks the funds to pay an initial partial filing fee. Therefore, the Court will waive his obligation to pay an initial partial filing fee. 28 U.S.C. §1915(b)(4).

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to McAdory, Defendants Adrian Scofield and Meggon are probation officers. He explains that they placed him on a GPS monitoring bracelet out of spite. He also asserts that Scofield had him locked up and refused to let him go to his doctor for his high blood pressure medication because he had reported her unethical behavior. McAdory asserts that he had a mild stroke. He also asserts that she lied and said that he had threatened her in order to justify her actions. McAdory explains that she has been retaliating against him ever since he told her he would not talk about his sex life with her. He states that he was given a 45-day sanction for nothing. Dkt. No. 1 at 2-3.

McAdory asserts that he was released on November 3, 2023. According to McAdory, Meggon and her partner waited in a Walgreens parking lot for him so they could put another bracelet on him. He states that he told her he was not supposed to have GPS monitoring, but she put it on him anyway out of retaliation. He states that she also tried to force him to redo a domestic violence program that he had already completed. Dkt. No. 1 at 3.

McAdory seeks money damages for the allegedly unjust actions of Defendants. He also asks that Meggon be taken off his case because he fears future retaliation.

## THE COURT'S ANALYSIS

McAdory's claim that his supervised release was improperly revoked is barred by *Heck v. Humphrey*, which states that, if a judgment for the plaintiff would "necessarily imply the invalidity of [the plaintiff's] conviction or sentence," it is barred unless the conviction or sentence has already been invalidated. 512 U.S. 477, 487 (1994). *Heck* applies to all aspects of a person's sentence, including reimprisonment upon the revocation of mandatory supervised release. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, McAdory complains that he was reincarcerated "for nothing" other than Defendants' desire to harass and retaliate against him. Success on that claim would mean that he was improperly imprisoned, but "a federal writ of habeas corpus or its state equivalent is the sole avenue for challenging the fact or duration of criminal detention while it is ongoing." *Ortega v. Ford*, No. 23-1784, at 4 (7th Cir. April 16, 2024) (slip copy) (citing *Morgan v. Schott*, 914 F.3d 1115, 1119 (7th Cir. 2019)). Importantly, *Heck* does "not lose its vitality" because McAdory has since been released. *Savory v. Cannon*, 947 F.3d 409, 424 (7th Cir. 2020). McAdory "can sue under § 1983 only if the detention is invalidated through a process such as state appeal or executive clemency." *Ortega*, No. 23-1784, at 4. Because the complaint does not suggest that the detention has been invalidated, McAdory's claim is barred by *Heck*.

McAdory also may not proceed on a claim based on allegations that Defendants improperly required him to wear a GPS monitoring bracelet. The Wisconsin Department of Corrections website notifies offenders that "[t]he supervising agent may impose additional rules of supervision specifically related to the offender or offense . . . ." *See* https://doc.wi.gov/Pages/AboutDOC/CommunityCorrections/SupervisionRules.aspx. Thus, whether McAdory was or was not required to wear a GPS monitoring device was left to the discretion of his supervising agents. To the extent McAdory wanted to challenge the imposition of that requirement, he should have done so in a collateral attack. *See Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003). The restrictions imposed upon a person under supervision "define the perimeters of [his] confinement," so eliminating or changing one of those restrictions alters the confinement: "figuratively speaking, one of the 'bars' would be removed from [the probationer's] cell." *Id.* (quoting *Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir. 1977)). Put more simply, McAdory should have brought his claim as a §2254 action, not a civil rights action.

4

Finally, McAdory does not state a claim based on allegations that he did not timely receive his high blood pressure medication and subsequently had a mild stroke. Once McAdory's supervised release was revoked, he was incarcerated at the Milwaukee Secure Detention Facility (MSDF). *See* Dkt. No. 1 at 3. MSDF staff would have been responsible for McAdory's medical care, including fulfilling his medication orders, not McAdory's supervising agents. The law is clear that a person is liable for damages under §1983 only if she was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at the person's behest or with her knowledge and consent. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). The Court cannot reasonably infer that Defendants were personally responsible for McAdory not receiving his high blood pressure medication, so he fails to state a medical care claim against them.

The Seventh Circuit has instructed that a pro se plaintiff be afforded one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 493-94 (7th Cir. 2022). Accordingly, if McAdory believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **May 22, 2024**. If McAdory cannot cure the deficiencies in the original complaint, he need not take any further action. McAdory is advised that an amended complaint replaces the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on McAdory's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that McAdory motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**. McAdory must pay the $350 filing fee over time as he is

able. He may mail payments marked with the case name and number to the clerk's office at the address listed below.

**IT IS FURTHER ORDERED** that on or before **May 22, 2024**, McAdory may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision. If the Court does not receive an amended complaint by the deadline, it will dismiss this action based on McAdory's failure to state a claim in the original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail McAdory a blank prisoner amended complaint form along with this order.

**IT IS FURTHER ORDERED** that McAdory must submit all correspondence and case filings to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

McAdory is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on April 25, 2024.

s/ *Brett H. Ludwig*<br>
BRETT H. LUDWIG<br>
United States District Judge