UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERMAINE MCADORY,

        Plaintiff,

      v.                                   Case No. 24-cv-0167-bhl

ADRIANAN SCOFIELD and
JOHN DOE,

        Defendants.

---

## SCREENING ORDER

---

    Plaintiff Jermaine McAdory, who was incarcerated when he brought this case, is representing himself in this 42 U.S.C. §1983 action alleging that his civil rights were violated. On April 25, 2024, the Court screened the complaint and gave McAdory the opportunity to file an amended complaint, which he did on May 23, 2024. This matter comes before the Court to screen the amended complaint.

### SCREENING OF THE AMENDED COMPLAINT

    As previously explained, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P.

8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to McAdory, Defendant Adrianan Scofield, who was McAdory's probation agent, placed him in a hazardous situation when she ordered that he be locked up due to a malfunctioning GPS bracelet. McAdory asserts that he had a stroke because she refused to let him get his blood pressure medication. McAdory also asserts that, later, when he was able to get her removed from his case, Defendant John Doe took over his case and had him locked up in retaliation for McAdory complaining about Scofield. Dkt. No. 14 at 2.

## THE COURT'S ANALYSIS

It appears from the Department of Corrections online inmate locator that McAdory was on supervised release at the relevant time. Although McAdory was serving a sentence in connection with a criminal conviction, he was doing so in the community with specified limitations. Defendants' alleged actions resulted in McAdory losing his liberty, which the Supreme Court has characterized as a serious deprivation that requires due process protections. *See Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (holding that probationers and parolees are entitled to preliminary and final revocation hearings because the loss of their liberty is a serious deprivation). Thus, it would appear that McAdory's status on supervised release is more akin to that of a pretrial detainee rather than to that of an incarcerated prisoner. Medical care claims brought by pretrial detainees arise under the Fourteenth Amendment and are subject only to the objective unreasonableness standard. *See Miranda v. Young*, 900 F.3d 335, 352 (7th Cir. 2018). Accordingly, to state a medical care claim, McAdory must allege that defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of

2

their handling of [plaintiff's] case" and that the challenged conduct was objectively unreasonable. *McCann v. Ogle County, Ill*., 909 F.3d 881, 886 (7th Cir. 2018) (citations omitted). With this standard in mind, the Court will allow McAdory to proceed on a Fourteenth Amendment claim against Scofield based on allegations that, as a result of her refusal to let him get his blood pressure medication, he had a stroke. Further development of the record may reveal that her decision was reasonable, but at this stage, McAdory's allegations are sufficient to state a claim.

McAdory does not, however, state a retaliation claim against the Doe Defendant based on allegations that he had McAdory "locked up" because McAdory had Scofield removed from his case. Claims premised on the improper revocation of his supervised release are barred by *Heck v. Humphrey*, which states that, if a judgment for the plaintiff would "necessarily imply the invalidity of [the plaintiff's] conviction or sentence," it is barred unless the conviction or sentence has already been invalidated. 512 U.S. 477, 487 (1994). *Heck* applies to all aspects of a person's sentence, including reimprisonment upon the revocation of mandatory supervised release. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, McAdory complains that he was reincarcerated in retaliation for his complaints about Scofield against him. Success on that claim would mean that he was improperly imprisoned, but "a federal writ of habeas corpus or its state equivalent is the sole avenue for challenging the fact or duration of criminal detention while it is ongoing." *Ortega v. Ford*, No. 23-1784, 2024 WL 1634072 at *3 (7th Cir. April 16, 2024) (citing *Morgan v. Schott*, 914 F.3d 1115, 1119 (7th Cir. 2019)). Importantly, *Heck* does "not lose its vitality" because McAdory has since been released. *Savory v. Cannon*, 947 F.3d 409, 424 (7th Cir. 2020). McAdory "can sue under § 1983 only if the detention is invalidated through a process such as state appeal or executive clemency." *Ortega*, 2024 WL 1634072 at *3. Because the amended complaint does not suggest that the detention about which he complains has been invalidated, McAdory's claim is barred by *Heck*.

Nor does McAdory state a claim against the Doe Defendant based on allegations that McAdory had another stroke after he was reincarcerated. McAdory does not allege that he informed the Doe Defendant that he needed medication or medical treatment at the time he interacted with him or that it was obvious to the Doe Defendant that McAdory was in need of emergency medical treatment. The Doe Defendant will not be liable for failing to address a medical condition that he did not know about. *See McCann*, 909 F.3d at 887 (holding that, to be liable, the defendant must act knowingly because negligence or gross negligence does not suffice).

**IT IS THEREFORE ORDERED** that McAdory fails to state a claim against the John Doe Defendant, so the clerk's office is directed to terminate him from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of McAdory's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Adrianan Scofield.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Scofield shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin on May 30, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge